UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**HENRI MAALOUF,**              )
                                )
       Plaintiff,               )
                                )
       v.                       )  Civil Action No. 1:16-cv-____
                                )
**THE ISLAMIC REPUBLIC OF IRAN** )
       and                      )
**THE IRANIAN MINISTRY OF INFORMATION** )
       **AND SECURITY**,           )
                                )
       Defendants.              )
_____)

**COMPLAINT**
(alleging, *inter alia*, acts of terrorism under 28 U.S.C. § 1605A resulting in wrongful death)

**Introduction**

1.  This is a Complaint alleging that Defendants, the Islamic Republic of Iran and its agency and instrumentality the Ministry of Information and Security, were responsible for the death of Edward Maalouf, the brother of Plaintiff Henri Maalouf, in the terrorist bombing of the United States Embassy Annex in Beirut, Lebanon, on September 20, 1984.

2.  This is a related case to *Wagner v. Islamic Republic of Iran*, 172 F. Supp.2d 128 (D.D.C. 2001) (T.P. Jackson, J.), *Dammarell v. Islamic Republic of Iran*, 281 F. Supp.2d 105 (D.D.C. 2006) (Bates, J.), and *Doe v. Islamic Republic of Iran*, 808 F. Supp.2d 1 (D.D.C. 2011) (Bates, J.), in all of which these Defendants were held liable for a 1983 bombing of the U.S. Embassy, and the 1984 attack on the Embassy Annex, with judgments entered against them accordingly.

3.  Plaintiff's decedent, Edward Maalouf (hereinafter "Edward"), was designated "John Victim GGDoe" in this Court's decision in the *Doe* case, which resulted in an award of compensatory and punitive damages against Defendants in favor of Edward's estate; his widow, "Jane Spouse GGDoe"; three sisters, "Jane Sibling1 GGDoe," "Jane Sibling2 GGDoe," and "Jane

1

Sibling3 GGDoe"; and a son, "John Child1 GGDoe."  The compensatory damages awards (including interest), recommended by Magistrate Judge Facciola and confirmed by this Court, were as follows: for the estate, $3,665,060; for the widow, $57,378,627; for the son, $35,861,648; and for each of the siblings, $17,930,824.[1]

4. Plaintiff Henri Maalouf, who did not participate in any of the earlier litigation, now seeks compensatory and punitive damages against Defendants on his own behalf as a survivor of his deceased brother Edward.  Plaintiff was not aware of the *Doe* case when it was filed, because he has was not living in Lebanon at the time, and had lost contact with the surviving members of his family.  He acted promptly to file this action as soon as he learned that he had been eligible to participate in the *Doe* class.

### Jurisdiction and Venue

5. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1330(a), 1605A, and 1610.

6. Venue is proper in this District by virtue of 28 U.S.C. § 1391(f)(4).

7. No statute of limitation is applicable to the instant Action.

### Parties

8. Plaintiff Henri Maalouf is a Lebanese citizen.  He was the eldest brother of Edward Maalouf, also a Lebanese citizen, who was employed as a security guard at the United States Embassy Annex in Beirut at the time it was savagely attacked in September 1984.  Edward's death was an "extrajudicial killing" as that term is used in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. § 1350 note, § 3.

---

[1] Each plaintiff in *Doe* was also awarded a portion of a per-victim punitive damages award of $300 million, of which the share attributable to Edward's killing was $11,111,111.

9. Defendant The Islamic Republic of Iran ("Iran") is a "state sponsor of terrorism," as that term is defined in 28 U.S.C. § 1605A(h)(6). This Court has repeatedly held that Iran was responsible for carrying out the terrorist bombing of the U.S. Embassy in Beirut in 1983, as well as the attack on the Embassy Annex that led to Edward's death (as well as the deaths of some 10 other individuals) the following year.

10. Defendant the Iranian Ministry of Information and Security ("MOIS") is the agency or instrumentality of Iran that was, and still is, the vehicle for the perpetration of terrorist acts and other acts of violence against Western targets, including United States nationals and property.

11. Defendant Iran provided material support and resources to the perpetrators of the attack on the Embassy Annex, as defined in 18 U.S.C. § 2339A. Defendant MOIS acted as an agent of Iran, performing acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605A(c).

12. Defendants, as state sponsors of terrorism, are not entitled to sovereign immunity, and are fully answerable for their actions in this Court.

### The Facts

13. Plaintiff respectfully directs the Court to the statement of the facts concerning the background and commission of the Embassy Annex bombing, and the involvement of Iran and MOIS in that terrorist assault, articulated (*inter alia*) by Judge Jackson in *Wagner, supra*, 172 F. Supp.2d 128, 130-35, and *Dammarell, supra*, and incorporated by Judge Bates in *Doe v. Islamic Republic of Iran* ("Iran and MOIS directed and facilitated the 1983 and 1984 attacks on the U.S. Embassy and therefore proximately caused the injuries sustained by the victims of those attacks"). 808 F. Supp. 2d 1, 7. The findings this Court in the *Dammarell* litigation are found at 281 F.Supp.2d 105 (D.D.C.2003); No. 01–2224, 2005 WL 756090 (D.D.C. Mar. 29, 2005); 370 F.Supp.2d 218 (D.D.C.2005); 404 F.Supp.2d 261 (D.D.C.2005) (containing factual findings expressly incorporated

3

into the final judgment); and 2006 WL 2583043 (D.D.C. Sept. 7, 2006). *See Doe*, 808 F. Supp.2d 1, 6 n.1.

14. Plaintiff's decedent Edward was a locally-hired security guard at the Embassy Annex who was, at the time of the attack on September 20, 1984, carrying out his assigned duties.

15. Edward's death on that day was the direct and proximate result of actions by terrorist individuals and organizations that were funded by Defendant Iran through its agent, Defendant MOIS.

16. The judicial resolution of the question of Defendants' liability for the attack on the Embassy Annex, and in particular for Edward's death, constitutes *res judicata*, and is not subject to reopening in these proceedings.

17. Plaintiff Henri Maalouf, as the brother of his decedent Edward, is entitled to bring this action for compensatory and punitive damages in his own name and on his own behalf.

18. Edward's death was devastating for Plaintiff, and for his entire family. Plaintiff was especially close to Edward, who he reports was very dynamic and outgoing. Edward was the joy and love of the family and never hesitated to help when needed. When Edward married, he and his wife were given a home in the family's flat, and he contributed financially to the family.

19. On September 20, 1984, Edward came to the family flat in the morning to say that he had to report to work to replace his colleague who was ill. Plaintiff was at home that day, reading a book on the terrace, when he heard a massive explosion.

20. Plaintiff went inside the house and heard on the radio that the explosion had been at the U.S. Embassy Annex, a few miles away. He and his brother-in-law immediately went to the Embassy to see what happened, and learned of the terrorist attack. They went to Serhal Hospital, where the injured had been taken, in search of Edward. They found that he had been killed.

21. Plaintiff and his brother-in-law were the ones who had to inform the rest of the family of what had happened.

22. As a result of Edward's death, caused by Defendants' acts complained of herein, Plaintiff underwent, and continues even now to undergo, mental anguish and emotional pain and suffering.

23. The passage of time does not constitute a bar to Plaintiff's action seeking a judicial remedy for the loss of his beloved brother, so long as Defendants have had "sufficient notice of the nature of the suit and the type of claims against" them. *See In re Islamic Republic of Iran Terrorism Litigation*, 659 F. Supp. 2d 31, 106 (D.D.C. 2009) (Lamberth, C.J.). Defendants have been aware since at least 2000 (when *Wagner* was filed) that litigation asserting their liability for the Embassy Annex bombing is pending before this Court.

## Count One
## Private Right of Action under 28 U.S.C. § 1605A(c)

24. The allegations of ¶¶ 1-23, *supra*, are incorporated herein as if fully set forth.

25. Defendant Iran was and remains a "state sponsor of terrorism" as that term is defined in 28 U.S.C. § 1605A(a)(2)(A)(i).

26. Defendant Iran, through its agent Defendant MOIS acting within the scope of its agency, planned and carried out the terrorist attack on the U.S. Embassy Annex in Beirut on September 20, 1984.

27. Pursuant to 28 U.S.C. § 1605A(c), Plaintiff may assert a cause of action against Defendants for Edward's wrongful death in the terrorist attack on U.S. diplomatic premises.

28. Plaintiff therefore seeks compensatory damages of $17,930,824, the sum awarded to Edward's other siblings in *Doe*, as well as punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

## Count Two
## Loss of Solatium

29. The allegations of ¶¶ 1-23, *supra*, are incorporated herein as if fully set forth.

30. As a result of the wrongful, willful, and violent acts of Defendants, Plaintiff was deprived of the society and companionship of his brother Edward.

31. Plaintiff therefore seeks compensatory damages of $17,930,824, the sum awarded to Edward's other siblings in *Doe*, as well as punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

## Count Three
## Intentional Infliction of Emotional Distress

32. The allegations of ¶¶ 1-23, *supra*, are incorporated herein as if fully set forth.

33. The actions complained of herein – the deliberate introduction and detonation of explosive materials at the U.S. Embassy Annex in Beirut – constituted intentional and foreseeable infliction of emotional distress by Defendant Iran and its agent Defendant MOIS, not only on those killed, but also on their survivors and loved ones.

34. As a direct and proximate result of those actions, Plaintiff has suffered and continues to suffer severe emotional distress, entitling him to compensatory damages.

## Prayer for Relief

**WHEREFORE**, Plaintiff Henri Maalouf respectfully prays that this Honorable Court:

A. **ASSERT** jurisdiction over the subject matter of this action, and over the persons of both Defendants;

B. **GRANT** Plaintiff judgment on Counts One through Three as set forth above;

C. **AWARD** to Plaintiff Maalouf compensatory damages in the amount of $17,930,824;

D. **AWARD** to Plaintiff punitive damages, in an amount to be determined at trial; and

E. **GRANT** Plaintiff the costs of suit, including reasonable attorneys' fees, as well as

6

Respectfully submitted,

*[signature]*

Steven M. Schneebaum
D.C. Bar No, 956250
STEVEN M. SCHNEEBAUM, P.C.
2131 S Street, N.W.
Washington, D.C. 20008
Tel.: (202) 742-5900
Email: sms@smslawdc.com

Of counsel: Allan Gerson.

Dated: February 17, 2016.