UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRI MAALOUF,<br><br>   Plaintiff,<br><br>   v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>   Defendants. | Civil Action No. 16-280 (JDB) |

## ORDER

Plaintiff Henri Maalouf alleges that his brother Edward Maalouf was killed in the bombing of the U.S. embassy annex in Beirut in September 1984, that defendant Iran is liable for Edward's death, and that Iran can be sued under the so-called "terrorism exception" of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.  Maalouf's complaint contends that "[n]o statute of limitation is applicable to the instant Action."  Compl. [ECF No. 1] ¶ 7.  That is incorrect.  See 28 U.S.C. § 1605A(b) ("Limitations"); National Defense Authorization Act of 2008, Pub. L. No. 110-181, § 1083(c)(3), 122 Stat. 3, 343 ("Related actions").  Today this Court held in Sheikh v. Republic of the Sudan, Civil Action No. 14-2090, that claims filed under § 1605A in December 2014 based on 1998 bombings were untimely.  (A copy of the opinion in Sheikh is attached to this order.)  Maalouf's action was filed more recently and is based on a bombing that occurred much longer ago.  And final judgments were entered years ago in the allegedly related cases Maalouf identifies in his complaint.  See Compl. ¶ 2.  It therefore appears that this action is untimely.  Accordingly, it is hereby

**ORDERED** that plaintiff shall file by not later than April 25, 2016, a memorandum explaining why this action should not be dismissed as untimely.

**SO ORDERED**.

1

/s/
JOHN D. BATES
United States District Judge

Dated: March 24, 2016