UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**HENRI MAALOUF**,                              )
                                                )
**The Estate of ELIAS MAALOUF**,                )
                                                )
**The Estate of OLGA AFTEMOOS**,                )
                                                )
                and                             )
                                                )
**The Estate of GABY MAALOUF**,                 )
                                                )
        Plaintiffs,                             )
                                                )
                v.                              )   Civil Action No. 1:16-cv-280 (JDB)
                                                )
**THE ISLAMIC REPUBLIC OF IRAN**                )
                and                             )
**THE IRANIAN MINISTRY OF INFORMATION**         )
        **AND SECURITY**,                       )
                                                )
        Defendants.                             )
_____)

**AMENDED COMPLAINT**
(alleging, *inter alia*, acts of terrorism under 28 U.S.C. § 1605A resulting in wrongful death)

  A. This Amended Complaint is filed as of right, under Rule 15(a), Federal Rules of Civil Procedure, in that Defendants have not yet filed any motion or responsive pleading.

  B. The Amended Complaint adds three additional parties Plaintiff – the estates of the parents and a brother of the decedent Edward Maalouf, who was killed at the United States Embassy Beirut in September 1984 – and clarifies and corrects certain allegations set out in the original Complaint.

  C. Throughout this Amended Complaint, the parties are referred to by their given names, or by their familial relationships, in order to avoid confusion.

1

## Introduction

1.      This is a Complaint alleging that Defendants, the Islamic Republic of Iran and its agency and instrumentality the Ministry of Information and Security, were responsible for the death of Edward Maalouf, the brother of Plaintiffs Henri Maalouf and Gaby Maalouf (now deceased), and the son of Elias Maalouf and Olga Aftemoos (both now deceased) in the terrorist bombing of the United States Embassy Annex in Beirut, Lebanon, on September 20, 1984.

2.      This is a related case to *Wagner v. Islamic Republic of Iran*, 172 F. Supp.2d 128 (D.D.C. 2001) (T.P. Jackson, J.), *Dammarell v. Islamic Republic of Iran*, 281 F. Supp.2d 105 (D.D.C. 2006) (Bates, J.), and *Doe v. Islamic Republic of Iran*, 808 F. Supp.2d 1 (D.D.C. 2011) (Bates, J.), in all of which these Defendants were held liable, *inter alia*, for the 1984 bombing of the U.S. Embassy in which Edward Maalouf was killed, with judgments entered against them accordingly.

3.      Plaintiffs' decedent, Edward Maalouf (hereinafter "Edward"), was designated "John Victim GGDoe" in this Court's decision in the *Doe* case, which resulted in an award of compensatory and punitive damages against Defendants in favor of Edward's estate; his widow, "Jane Spouse GGDoe"; three sisters, "Jane Sibling1 GGDoe," "Jane Sibling2 GGDoe," and "Jane Sibling3 GGDoe"; and a son, "John Child1 GGDoe."  The compensatory damages awards (including interest), recommended by Magistrate Judge Facciola and confirmed by this Court, were as follows: for the estate, $3,665,060; for the widow, $57,378,627; for the son, $35,861,648; and for each of the siblings, $17,930,824.[1]

4.      Plaintiff Henri Maalouf, who did not participate in any of the earlier litigation, now seeks compensatory and punitive damages against Defendants on his own behalf as a survivor of his deceased brother Edward.  Plaintiff was not aware of the *Doe* case when it was filed, because he has

---

[1] Each plaintiff in *Doe* was also awarded a portion of a per-victim punitive damages award of $300 million, of which the share attributable to Edward's killing was $11,111,111.

2

not living in Lebanon at the time, and had lost contact with the surviving members of his family. He acted promptly to file this action as soon as he learned that he had been eligible to participate in the *Doe* class.

5. The parties interested in the Estates of Edward's parents, as well as of Gaby Maalouf, were also unaware of the possibility of seeking to protect their rights, and none of them participated in the *Doe* case (although they were eligible to do so). They too now seek compensatory and punitive damages against Defendants on their own behalf as survivors of their son and brother Edward.

### Jurisdiction and Venue

6. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1330(a), 1605A, and 1610.

7. Venue is proper in this District by virtue of 28 U.S.C. § 1391(f)(4).

8. No issue of limitation is applicable arguably to nonsuit these Plaintiffs, unless and until such defense is raised by Defendants in the instant Action. *See Worley v. Iran*, 75 F.Supp.3d 311 (D.D.C. 2014).

### Parties

9. Plaintiff Henri Maalouf is a Lebanese citizen. He was the eldest brother of Edward Maalouf, also a Lebanese citizen, who was employed as a security guard at the United States Embassy Annex in Beirut at the time it was savagely attacked in September 1984. Edward's death was an "extrajudicial killing" as that term is used in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7) and the Torture Victims Protection Act, 28 U.S.C. § 1350 note, § 3.

10. Plaintiff the Estate of Elias Maalouf represents the father of Edward. Elias, a citizen of Lebanon, died on April 30, 1986, having survived his son by over two years. He left a widow, two sons (Gaby and Henri), and three daughters.

11.     Plaintiff the Estate of Olga Afteemous represents the mother of Edward. A citizen of Lebanon, Olga died on March 30, 2000, having survived her son by nearly 14 years. She did not remarry after the death of Elias. Olga left three daughters and two sons.

12.     Plaintiff the Estate of Gaby Maalouf represents the younger brother of Edward. A citizen of Lebanon, he died on April 27, 2009. At the time of his death, Gaby left two sons, a brother (Henri), and three sisters.

13.     Defendant The Islamic Republic of Iran ("Iran") is a "state sponsor of terrorism," as that term is defined in 28 U.S.C. § 1605A(h)(6). This Court has repeatedly held that Iran was responsible for carrying out the terrorist bombing of the U.S. Embassy in Beirut in 1983, as well as the attack on the Embassy Annex that led to Edward's death (as well as the deaths of some 10 other individuals) the following year.

14.     Defendant the Iranian Ministry of Information and Security ("MOIS") is the agency or instrumentality of Iran that was, and still is, the vehicle for the perpetration of terrorist acts and other acts of violence against Western targets, including United States nationals and property.

15.     Defendant Iran provided material support and resources to the perpetrators of the attack on the Embassy Annex, as defined in 18 U.S.C. § 2339A. Defendant MOIS acted as an agent of Iran, performing acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605A(c).

16.     Defendants, as state sponsors of terrorism, are not entitled to sovereign immunity, and are fully answerable for their actions in this Court.

## The Facts

17.     Plaintiffs respectfully direct the Court to the statement of the facts concerning the background and commission of the 1984 Embassy bombing, and the involvement of Iran and MOIS in that terrorist assault, articulated (*inter alia*) by Judge Jackson in *Wagner*, *supra*, 172 F. Supp.2d 128, 130-35, and *Dammarell*, *supra*, and incorporated by Judge Bates in *Doe v. Islamic Republic*

*of Iran* ("Iran and MOIS directed and facilitated the 1983 and 1984 attacks on the U.S. Embassy and therefore proximately caused the injuries sustained by the victims of those attacks"). 808 F. Supp. 2d 1, 7. The findings this Court in the *Dammarell* litigation are found at 281 F.Supp.2d 105 (D.D.C.2003); No. 01–2224, 2005 WL 756090 (D.D.C. Mar. 29, 2005); 370 F.Supp.2d 218 (D.D.C.2005); 404 F.Supp.2d 261 (D.D.C.2005) (containing factual findings expressly incorporated into the final judgment); and 2006 WL 2583043 (D.D.C. Sept. 7, 2006). *See Doe*, 808 F. Supp.2d 1, 6 n.1.

18. Plaintiffs' decedent Edward was a locally-hired security guard at the Embassy who was, at the time of the attack on September 20, 1984, carrying out his assigned duties.

19. Edward's death on that day was the direct and proximate result of actions by terrorist individuals and organizations that were funded by Defendant Iran through its agent, Defendant MOIS.

20. The judicial resolution of the question of Defendants' liability for the attack on the Embassy Annex, and in particular for Edward's death, constitutes *res judicata*, and is not subject to reopening in these proceedings.

21. Plaintiffs Henri and [the Estate of] Gaby Maalouf, as the brothers of his decedent Edward, and [the Estates of] Elias Maalouf and Olga Afteemous, as Edward's parents, are entitled to bring this action for compensatory and punitive damages in their own names and on their own behalf.

22. Edward's death was devastating for Plaintiffs, and for their entire family. Plaintiff Henri was especially close to Edward, who he reports was very dynamic and outgoing. Edward was the joy and love of the family and never hesitated to help when needed. When Edward married, he and his wife were given a home in the family's flat, and he contributed financially to the family.

23. On September 20, 1984, Edward came to the family flat in the morning to say that he had to report to work to replace his colleague who was ill. Plaintiff Henri was at home that day, reading a book on the terrace, when he heard a massive explosion.

24. Henri went inside the house and heard on the radio that the explosion had been at the U.S. Embassy, a few miles away. He and his brother-in-law immediately went to the Embassy to see what happened, and learned of the terrorist attack. They went to Serhal Hospital, where the injured had been taken, in search of Edward. They found that he had been killed.

25. Henri and his brother-in-law were the ones who had to inform the rest of the family of what had happened. Elias and Olga were thus told of the death of their son, and Gaby of his brother. All were overcome by the news. Elias, Olga, and Gaby quickly fell ill as a result of having to bury Edward, who was killed in his twenties.

26. As a result of Edward's death, caused by Defendants' acts complained of herein, Plaintiffs underwent, and continues even now (in the case of Henri) and continued until their deaths (in the cases of Elias, Olga, and Gaby) to undergo, mental anguish and emotional pain and suffering.

27. The passage of time does not constitute a bar to Plaintiffs' action seeking a judicial remedy for the loss of his beloved brother, so long as Defendants have had "sufficient notice of the nature of the suit and the type of claims against" them. *See In re Islamic Republic of Iran Terrorism Litigation*, 659 F. Supp. 2d 31, 106 (D.D.C. 2009); *Worley v. Iran*, 75 F.Supp.3d 311 (D.D.C. 2014) (Lamberth, C.J.). Defendants have been aware since at least 2000 (when *Wagner* was filed) that litigation asserting their liability for the Embassy Annex bombing is pending before this Court.

### Count One
### Private Right of Action under 28 U.S.C. § 1605A(c)

28. The allegations of ¶¶ 1-27, *supra*, are incorporated herein as if fully set forth.

29. Defendant Iran was and remains a "state sponsor of terrorism" as that term is defined in 28 U.S.C. § 1605A(a)(2)(A)(i).

6

30.     Defendant Iran, through its agent Defendant MOIS acting within the scope of its agency, planned and carried out the terrorist attack on the U.S. Embassy in Beirut on September 20, 1984.

31.     Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs may assert a cause of action against Defendants for Edward's wrongful death in the terrorist attack on U.S. diplomatic premises.

32.     Plaintiffs Henri and the Estate of Gaby therefore seek compensatory damages of $2.5 million (each), the sum awarded to Edward's other siblings in *Doe*, as well as prejudgment interest to the date judgment is entered, and punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

33.     Plaintiffs the Estates of Elias and Olga seek compensatory damages of $5,000,000 (each), in line with the sums awarded to other victims' parents in *Doe*, plus prejudgment interest, as well as punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

### Count Two
### Loss of Solatium

34.     The allegations of ¶¶ 1-27, *supra*, are incorporated herein as if fully set forth.

35.     As a result of the wrongful, willful, and violent acts of Defendants, Plaintiffs were deprived of the society and companionship of their son and brother Edward.

36.     Plaintiff Henri and the Eatate of Gaby therefore seek compensatory damages of $2.5 million, the sum awarded to Edward's other siblings in *Doe*, plus prejudgment interest as well as punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

37.     Plaintiffs the Estates of Elias and Olga seek compensatory damages of $5,000,000, plus prejudgment interest, in line with the sum awarded to other victims' parents in *Doe*, as well as punitive damages in light of Defendants' wanton, deliberate, and outrageous conduct.

## Count Three
### Intentional Infliction of Emotional Distress

38. The allegations of ¶¶ 1-27, *supra*, are incorporated herein as if fully set forth.

39. The actions complained of herein – the deliberate introduction and detonation of explosive materials at the U.S. Embassy in Beirut – constituted intentional and foreseeable infliction of emotional distress by Defendant Iran and its agent Defendant MOIS, not only on those killed, but also on their survivors and loved ones.

40. As a direct and proximate result of those actions, Plaintiffs suffered, and Henri continues to suffer, severe emotional distress, entitling them to compensatory damages.

### Prayer for Relief

**WHEREFORE**, Plaintiffs Henri Maalouf, and Estates of his parents and his deceased brother respectfully pray that this Honorable Court:

A. **ASSERT** jurisdiction over the subject matter of this action, and over the persons of both Defendants;

B. **GRANT** Plaintiffs judgment on Counts One through Three as set forth above;

C. **AWARD** to Plaintiffs Henri and the Estate of Gaby Maalouf compensatory damages in the amount of $2,500,000 (each), and to the Estates of Elias and Olga the amount of $5,000,000 (each), all with prejudgment interest;

D. **AWARD** to Plaintiffs punitive damages, in an amount to be determined at trial; and

E. **GRANT** Plaintiffs the costs of suit, including reasonable attorneys' fees, as well as pre-judgment interest and such other relief as to the Court shall seem just and equitable.

        Respectfully submitted,

        /s/ Steven M. Schneebaum
        _____

        Steven M. Schneebaum
            D.C. Bar No, 956250
        Cynthia L. McCann
        STEVEN M. SCHNEEBAUM, P.C.
        1776 K Street, N.W., Suite #800
        Washington, D.C. 20006
            Tel.: (202) 742-5900
            Email: sms@smslawdc.com

Of counsel:  Allan Gerson.

Dated:  July 21, 2016.

## CERTIFICATE OF SERVICE

  I hereby certify that on this 21st day of July 2016, I served the foregoing Amended Complaint upon Defendant The Islamic Republic of Iran by mailing a copy thereof, by registered mail with return receipt requested, to:

  Iranian Interests Section
  Embassy of Pakistan to the United States
  1250 23rd St, N.W., Suite #200
  Washington, D.C. 20037

             /s/ Steven M. Schneebaum
             _____
             Steven M. Schneebaum