## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HENRI MAALOUF,

    Plaintiff,

    v.

THE ISLAMIC REPUBLIC OF IRAN
and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,

    Defendant.

Civil Action No. 16-cv-280  (JDB)

## ORDER

On August 8, 2016, this Court vacated [15] the Clerk's entry of default against the Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS).  Plaintiff had previously filed [13] an amended complaint adding additional plaintiffs which has not been served on either defendant, and the Court ordered the entry of default vacated until the amended complaint is properly served on defendants.  Plaintiffs now seek [16] reconsideration of that order, arguing that service of the amended complaint is unnecessary because it does not "substantially alter" the original complaint.  Mot. to Reconsider [ECF No. 16] at 3–4.

The relevant statute governing service of process on a foreign sovereign, 28 U.S.C. § 1608, gives little guidance as to when service of an amended, rather than an initial, pleading is required, but the rule in this district is that service is only required when the changes to the original complaint are "substantial."  See Shoham v. Islamic Republic of Iran, 922 F. Supp. 2d 44, 47 (D.D.C. 2013); Dammarell v. Islamic Republic of Iran, 370 F. Supp. 2d 218, 225 (D.D.C. 2005).  An alteration is not substantial where, for example, an amendment merely adds additional details to clarify existing

claims, see Dammarell, 370 F. Supp. 2d at 255, or makes clear that a claim is grounded in state as well as federal law, see Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 46 (D.D.C. 2006). Here, the question before the Court is whether the addition of new plaintiffs has substantially altered the complaint even though plaintiffs' legal claims and factual allegations remain essentially the same.

This question raises several competing concerns. On the one hand, the Court is well aware of the difficulties—and costs—plaintiffs face if they are required to serve the amended complaint on defendants. See Shoham, 922 F. Supp. 2d at 48 ("The U.S. Department of State apparently charges a substantial fee for victims of terrorism who must use the State Department to serve Iran with FSIA-related papers. . . .The imposition of these substantial fees imposes a significant burden on victims of terrorism."). The Court is equally aware that, as a practical matter, service of the amended complaint is unlikely to alter defendants' conduct with respect to this litigation, as Iran and MOIS are unlikely to appear in any event. On the other hand, the addition of new plaintiffs to the complaint increases defendants' liability, and thus raises the concern that defendants could be prejudiced if they are not notified of the amended complaint. Few, if any, courts have addressed this question or these concerns in this context.

Several courts, however, have addressed the addition of new plaintiffs in an amended complaint in the context of "relation back" under Rule 15(c). These courts have concluded that where a new plaintiff is added to a complaint, proper notice to the defendant requires more than just notice of the transaction or occurrence giving rise to the claim; rather, "[t]he touchstone…is whether the defendant knew or should have known of the existence and involvement of the new plaintiff." Leachman v. Beech Aircraft Corp., 694 F.2d 1301, 1309 (D.C. Cir. 1982); see also Cliff v. Payco General American Credits, Inc., 363 F.3d 1113, 1131–32 (11th Cir. 2004); Williams v.

United States, 405 F.2d 234, 238–39 (5th Cir. 1968).  Courts have expressed concern that, particularly in an action arising out of a multi-victim incident, the addition of new plaintiffs could "cause defendants' liability to increase geometrically and their defensive strategy to become far more complex."  Leachman, 694 F.2d at 1309.  If an original complaint did not put the defendants on notice of the possibility of additional claimants, the defendants could suffer prejudice as a result once new plaintiffs were added in an amended complaint.  Cliff, 363 F.3d at 1132; Leachman, 694 F.2d at 1309. This may be the case even where the facts underlying the amended complaint are identical to those underlying the original complaint.

Similar concerns are present here.  The purpose of the complaint is to give notice to the defendant about "who did what to whom, when, where, and why." Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007).  In the context of default judgments, the purpose of serving an amended complaint is to "ensure[] that a party…is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served."  Blair v. City of Worcester, 522 F.3d 105, 109 (1st Cir. 2008) (referring to service required on a party in default under Rule 5(a)).  When the "whom" changes in a subsequent complaint, even where the factual allegations remain the same, a concern arises that the defendant no longer has fair notice as to the number of claims against him and the scope of liability he is conceding by defaulting.  Thus, it is possible that an amended complaint adding additional plaintiffs "substantially alters" an original complaint where the foreign sovereign defendant did not already know or have reason to know of the existence of the new plaintiffs based on the original complaint.  In that case, then, § 1608 requires that the amended complaint be served on the defendant.

Here, the original complaint was filed by a brother of the decedent who had been unable to

join a previous action in which the decedent's estate, widow, son, and three sisters were awarded substantial damages against Iran for Iran's role in the 1984 U.S. Embassy bombing in Beirut, Lebanon.  See Doe v. Islamic Republic of Iran, 808 F. Supp. 2d 1 (D.D.C. 2011) (awarding damages to family members); Mot. to Reconsider [ECF No. 16] at 2.  The original complaint makes no mention of still more family members left out of the Doe action, see Pl. Compl. [ECF No. 1], but the amended complaint now adds as plaintiffs another brother and the estates of the decedent's parents.  Based on the original complaint's silence as to other family members, and particularly in light of the fact that a previous action has already resulted in damages awarded to some members of this victim's family, the original complaint in this case did not necessarily put defendants on notice that there were yet additional family members with potential claims.  Cf. Williams, 405 F.2d at 239 (initial complaint gave defendants sufficient notice that a mother who brought suit on her son's behalf also had a claim in her own right for her son's injuries).  The addition of the three new plaintiffs in the amended complaint therefore constitutes a substantial alteration from the original, and service of the amended complaint on defendants is required.

Accordingly, plaintiffs' motion for reconsideration is DENIED.


_____
/s/
JOHN D. BATES
United States District Judge


Dated:  September 8, 2016