UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRI MAALOUF, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>    Defendants. | Civil Action No. 16-0280 (JDB) |

**ORDER**

The Court awarded plaintiffs a $15 million default judgment against the Islamic Republic of Iran on January 22, 2021. See Order (Jan. 22, 2021) [ECF No. 61]. As relevant here, pursuant to Local Civil Rule 54.1(a), a party must submit a "bill of costs" to the Clerk's Office "within 21 days after entry of judgment . . . unless the time is extended by the Court." Federal Rule of Civil Procedure 54(b)(2)(B), in turn, sets a 14-day deadline from "the entry of judgment" for a party to file a motion for attorneys' fees (and related expenses) "[u]nless a statute or a court order provides otherwise." Hence, to the extent plaintiffs wished to submit a motion for attorneys' fees or a bill of costs following this Court's entry of judgment, those filings were respectively due February 5 and 12, 2021.

On August 5, 2021, plaintiff Henri Maalouf sent the following request by email:

> Dear Judge Bates
> As you may already know, I acted in the capacity of Pro Se and did not have any knowledge about the time limitation for claiming costs. under the Federal Rule of Civil Procedure 54(d)(2)(B) and Federal Rule of Civil Procedure 54(d)(1).
> I respectfully request that you would apply your discretion and grant me a few days to file the motion for claiming costs and expenses.
> Thank you
>
> Henri Maalouf

1

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, when the time to file has passed, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." In evaluating what constitutes "excusable neglect," the Court considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993); see also Smith v. Dist. of Columbia, 430 F.3d 450, 456 n.5 (D.C. Cir. 2005).

Here, the Court cannot find that Mr. Maalouf failed to submit a timely motion for attorneys' fees and bill of costs because of "excusable neglect." To be sure, any danger of prejudice to Iran is unlikely because it has never appeared in this lawsuit. But the length of delay—nearly six months—is significant, and the only reason for the delay is that Mr. Maalouf, who decided to proceed pro se partway through this case, "did not have any knowledge about the time limitation for claiming costs." "[E]ven a pro se plaintiff must comply with the Federal Rules of Civil Procedure and this Court's local rules." Hedrick v. Fed. Bureau of Investigation, 216 F. Supp. 3d 84, 93 (D.D.C. 2016). And in denying without prejudice Mr. Maalouf's prior motion for costs and attorneys' fees, this Court explicitly directed him to the provisions of the Federal Rules that govern such requests. See Mem. Op. (Jan. 22, 2021) [ECF No. 62] at 12. That Mr. Maalouf then waited six months to review these rules, which at the very least set forth the deadline for filing a motion for attorneys' fees, or to inquire about the requisite procedures from the Clerk's Office for submitting a bill of costs does not provide sufficient basis to extend the time to file now, even in the absence of bad faith.

According, it is hereby **ORDERED** that plaintiff Henri Maalouf's request to extend the time to submit a bill of costs under Local Civil Rule 54.1(a) and to file a motion for attorneys' fees under Federal Rule of Civil Procedure 54(b)(2)(B) is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: August 20, 2021